

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-2604
Re: Constables - Fees in mis-
demeanor cases - Report
of delinquent fees.

Your request for opinion has been received and carefully considered by this Department. We quote from your request as follows:

"Article 3897, Acts 1935, 44th Legislature, provides that the various officers, at the close of each fiscal year, shall make a report showing the amount of all fees earned and collected, also the amount of all fees earned and uncollected.

"I would appreciate your advising me as to whether or not fees in misdemeanor cases become earned at the time of the trial court conviction, or would they become earned after final action in the Higher Court? In other words, where a party was convicted in the County Court of a misdemeanor during the year 1939, and the cause appealed and affirmed later by the Court of Criminal Appeals during the year 1940, and the Constable did not report the fees as having been earned and uncollected during the year 1939, would he now be entitled to retain same when collected during the year 1940?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY

Honorable Charles R. Martin, Page 2

Article 3897, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate form (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

Article 3892, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent

Honorable Charles R. Martin, Page 3

fees were charged, and also retain the amount of
excess fees authorized by law, and the remainder
of the delinquent fees for that fiscal year shall be
paid as herein provided for when collected; provided,
the provisions of this Article shall not apply to
any officer after one year from the date he ceases to
hold the office, the amount of fees collected shall
be paid into the county treasury. Provided, however,
that nothing in this Act precludes the payment of ex-
officio fees in accordance with Title 61 of the Re-
vised Civil Statutes of Texas, 1925, as part of the
maximum compensation. Provided, that any change made
in this Article by this Act shall not apply to fees
heretofore earned." (Underscoring ours)

Article 1065, Vernon's Annotated Texas Code of Crim-
inal Procedure, reads in part as follows:

"The following fees shall be allowed the sheriff,
or other peace officer performing the same services in
misdemeanor cases, to be taxed against the defendant
on conviction: . . . "

Opinion No. 0-703 of this Department holds that the
provisions of Article 3897, Vernon's Annotated Texas Civil
Statutes, requiring that fees earned but not collected by the
officer during the fiscal year he reported, are mandatory and
must be complied with before the justice of the peace is en-
titled to retain under the provisions of Article 3892, Vernon's
Annotated Texas Civil Statutes, delinquent examining trial fees.
We enclose herewith a copy of Opinion No. 0-703 which contains
a full discussion of the matter.

Webster's New International Dictionary, Second Edi-
tion, defines the word "earn" as follows:

"To merit or deserve, as by labor or service;
to do that which entitled one to a reward, whether
the reward is received or not."

Article 1065, Code of Criminal Procedure, provides
fees for constables in misdemeanor cases for services performed.
These fees are taxable against the defendant upon conviction.
We think the constable earns an arrest fee when he serves the
warrant of arrest; that when he summons a witness he earns the

Honorable Charles R. Martin, Page 4

fee for such service; that he earns the other fees outlined
by the statute when he performs the services required. How-
ever, these fees, although earned at the time of the perform-
ance of the service, are not taxable and collectible against
a defendant until the final conviction of the defendant. The
final conviction of the defendant determines that the constable
will have a right to collect or attempt to collect the fees
that he earned. We think that the constable's fees should be
considered earned as of the time he performed the service.

Statutes providing fees for public officers are
strictly construed. Under the provisions of Article 3897, supra,
the officer is required to make a sworn report at the close of
each fisacl year and the statute requires, among other things,
that the report shall contain an itemized statement of all
fees, commissions and compensations earned during the fiscal
year which were not collected, together with the name of the
party owing said fees, commissions and compensations. Article
3892, authorizes the officer to retain delinquent fees for one
year collected in a subsequent year provided the delinquent
fees are reported for the year said fees were earned.

We quote from Opinion No. 0-703 of this Department as
follows:

"It is our view that the requirement that such
fees be included in the officer's sworn report, being
mandatory, is a condition precedent to allowing him
to retain such fees as allowed him by Article 3892 and
failing to do so, such officer has not met the require-
ments of the statute."

In answer to your question you are respectfully advised
that it is the opinion of this Department that a constable's
fees in misdemeanor cases become "earned" when he performs the
official services as outlined by statute, but that such "earned"
fees do not become collectible from the defendant until he is
finally convicted. It is the further opinion of this Department
that where a defendant is convicted of a misdemeanor in county
court in 1939, the cause appealed and affirmed by the Court
of Criminal Appeals in 1940, and where the constable did not
report his fees as having been earned and uncollected in his

Honorable Charles R. Martin, Page 5

1939 report, the Constable would not be entitled to retain said delinquent fees when same were collected in 1940.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 19, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:BBB

ENCLOSURE